**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00166-WJM-NYW

TAMMY FISHER,

      Plaintiff,

v.

BRIAN KOOPMAN, and
LUKE HECKER,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Plaintiff's Motion for Leave to File First Amended Complaint ("Motion to Amend").  [#31, filed May 20, 2015].  Pursuant to the Order Referring Case dated February 18, 2015 [#20] and the memorandum dated May 20, 2015 [#32], this matter was referred to the undersigned Magistrate Judge.  After carefully reviewing the Motion and related briefing, the entire case file, the comments made during the July 2, 2015 Motion Hearing, and the applicable case law, I respectfully RECOMMEND that the Motion to Amend be DENIED.

**PROCEDURAL AND FACTUAL BACKGROUND**

      Plaintiff initiated this action on January 9, 2015 in Larimer County District Court, State of Colorado, asserting twelve causes of action arising out of Defendant Brian Koopman's investigation of her alleged interference with an ongoing police investigation involving allegations of child pornography.  Plaintiff claims Defendants maliciously prosecuted her and

that Defendant Hecker, as Chief of Police, failed to properly train and supervise the Loveland Police Department in violation of the Fourteenth Amendment.  [#2].[1]  Plaintiff sued Defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983.

Defendants removed this action from state court by notice dated January 23, 2015, and filed an Answer on February 19, 2015.  [#1, #21].  This court held a Scheduling Conference on April 8, 2015, at which the undersigned ordered the Parties to join other parties and amend pleadings by May 22, 2015, complete discovery by October 9, 2015, file dispositive motions on or before November 23, 2015, and prepare for a Pretrial Conference to be held February 25, 2016.  [#26, #27].

Plaintiff filed the pending Motion to Amend on May 20, 2015, seeking leave to add the City of Loveland as a Defendant, and to modify her First Claim to incorporate a Fourth Amendment violation for malicious prosecution and her Second Claim to incorporate a Fourth Amendment violation for failure to train and supervise.  [#31].  Defendants filed a Response on June 6, 2015.  [#35].  Plaintiff filed a Reply on June 18, 2015, stating that she wishes, instead, to amend the Complaint to add a Fourth Amendment claim for an unreasonable search, based on Defendant Koopman's alleged preparation and use of an affidavit containing false information used to support a search warrant of Plaintiff's cellular phone records.  [#36].  Plaintiff then filed a "Supplement/Amendment to Motion to Amend Complaint" on July 1, 2015, in which she

---

[1] Plaintiff also asserts the following state law claims: Malicious prosecution as to Defendant Koopman; Intentional Infliction of Emotional Distress as to Defendant Koopman;  Tortious interference with a business relationship as to Defendant Koopman; Abuse of Process as to Defendant Koopman; Defamation per se as to Defendant Koopman; Negligent hiring as to Defendant Hecker; Negligent supervision as to Defendant Hecker; Negligent retention as to Defendant Hecker; Respondeat superior as to Defendant Hecker; and Vicarious liability/agency as to Defendant Hecker.

included a new proposed First Amended Complaint that asserts a claim for violation of the Fourth Amendment based on an unreasonable search and seizure. [#37]. This court held a hearing on the Motion to Amend on July 2, 2015. During the hearing, the court struck the "Supplement/Amendment to Motion to Amend Complaint" because Plaintiff had failed to seek leave to file a sur-reply to the Motion to Amend, and took the first-filed Motion to Amend under advisement. [#38].

## STANDARD OF REVIEW

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996). Because Plaintiff filed the Motion to Amend prior to the deadline for amending pleadings, this court considers only whether Plaintiff has satisfied the Rule 15(a) standard. *Cf. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.,* 771 F.3d 1230, 1242 (10th Cir. 2014) (adopting two-prong analysis and considering whether both Rule 16(b)(4) and Rule 15(a) are satisfied when motion to amend is submitted after deadline included in scheduling order).[2]

---

[2] This court will not consider the proffered amendments contained in Plaintiff's Reply, which are entirely different from those asserted in the Motion to Amend and which Defendants did not have an opportunity to dispute.

Rule 20(a)(2) permits a defendant to be joined in an action if any right to relief is asserted against it "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there exists in the action any question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). Whether to permit joinder lies at the discretion of the district court. *See State Distrib., Inc. v. Glenmore Distill. Co.,* 738 F.2d 405, 416–17 (10th Cir. 1984). In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith...." *Id.* at 416.

## ANALYSIS

Plaintiff seeks to modify her First and Second claims for relief to add Fourth Amendment violations for malicious prosecution and failure to train and supervise. She also seeks to add the City of Loveland as a Defendant. [#31]. Defendants argue the amendments are futile because they never arrested Plaintiff or otherwise caused her to be detained, she cannot proceed on a failure to train or supervise claim without an underlying constitutional violation, and the City of Loveland is duplicative of Defendant Hecker in his official capacity. [#35].

The law is settled in this Circuit that to succeed on a Fourth Amendment malicious prosecution claim, Plaintiff must have been arrested or incarcerated. *See Becker v. Kroll*, 494 F.3d 904, 915 (10th Cir. 2007). In *Becker*, the court held that a neurologist who was never arrested nor incarcerated in connection with the filing of criminal charges of alleged Medicaid fraud was not seized within the meaning of the Fourth Amendment. In so deciding, the court aligned itself with the First, Third, Ninth, and Eleventh Circuits in declining to adopt Justice

Ginsburg's theory of "continuing seizure" presented in a concurrence to the Court's plurality opinion in *Albright v. Oliver,* 510 U.S. 266, 277 (1994).   In *Albright,* Justice Ginsburg argued that seizures for Fourth Amendment purposes include such restrictions as requiring a person to post bond, compelling a person to appear in court, or imposing on a person's right to interstate travel.   Indeed, the courts that have accepted the continuing seizure theory have recognized a seizure only when criminal charges are coupled with another significant restraint on liberty.   *See Becker,* F.3d at 916 (citing opinions from the Fifth, Third, and Second Circuits). Here, Plaintiff acknowledges that Defendants never filed criminal charges against her.   [#36 at 4].   She was never arrested and never summoned to court.   Plaintiff's malicious prosecution theory rests instead on the "institution of the legal process itself" against her, and Defendant Koopman's use of an affidavit containing false facts.[3]   Her theory does not demonstrate how her liberty was restrained and does not comport with the controlling law of the Tenth Circuit.

Similarly, Plaintiff cannot prevail on her failure to train or supervise claim without a viable Fourth Amendment claim.   *See Myers v. Okla. Cnty. Bd. of Cnty. Commr's,* 151 F.3d 1313, 1316 (10th Cir. 1998) (holding that a claim for municipal liability requires a showing (1) that a municipal employee committed a constitutional violation complained of, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation).

Finally, the City of Loveland is duplicative of Defendant Hecker in his official capacity. *See Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the

---

[3] Plaintiff cites *Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008) for support, but the *Wilkins* court deliberated within a different, unrelated context and even affirmed that the person claiming malicious prosecution must assert detainment as well as allegations that the legal process was wrongly instituted.

same") (citing *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985)).  *See also Monell v. Department of Social Servs.,* 436 U.S. 658, 690 n. 55 (1978).  Indeed, courts in this District, to promote judicial economy and efficiency, have dismissed individual defendants sued in their official capacity when the entity is also sued.  *See A.B. ex rel. B.S. v. Adams-Arapahoe 28J School Dist.*, 831 F. Supp. 2d 1226, 1240 (D. Colo. 2011) (Martinez, J.) (citing opinions from the Middle District of Florida, District of Kansas, and the Northern District of Illinois).  As to Plaintiff's concern about whether liability can extend to the City of Loveland when the City is not named in the lawsuit, any potential judgment of liability against Defendant Hecker is imputed to the entity he represents.  *See Brandon v. Holt*, 469 U.S. 464 (1985) (Stevens, J.) (instructing that the damages judgment was payable by the City (which was not named in the lawsuit) when the director of police was sued in his official capacity and found liable).  Accordingly, I respectfully recommend denying Plaintiff's Motion to Amend.

## CONCLUSION

For the foregoing reasons, this court respectfully RECOMMENDS that the Motion to Amend [#31] be DENIED. [4]

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

DATED: July 7, 2015                    BY THE COURT:


                                       s/Nina Y. Wang_____
                                       United States Magistrate Judge

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).