**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0166-WJM-NYW

TAMMY FISHER,

    Plaintiff,

v.

BRIAN KOOPMAN, individually and in his official capacity as Detective in the Loveland, Colorado Police Department, and
LUKE HECKER, individually and in his official capacity as Chief of Loveland Police Department,

    Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S RECOMMENDATION**

---

Plaintiff Tammy Fisher ("Plaintiff") initiated this action on January 9, 2015 against Defendants Brian Koopman and Luke Hecker ("Defendants"), alleging Defendants violated her Fourteenth Amendment rights under 42 U.S.C. § 1983 by undertaking a malicious prosecution, and committed several torts under Colorado law.  (ECF Nos. 1, 2.)  On May 20, 2015, Plaintiff filed a Motion for Leave to File First Amended Complaint ("Motion").  (ECF No. 31.)  On July 7, 2015, Judge Wang issued a Recommendation ("the Recommendation") that the Motion should be denied.  (ECF No. 40.)  Plaintiff filed a timely objection to the Recommendation on July 17, 2015, and Defendants filed a Response on July 29, 2015.  (ECF Nos. 41, 43.)  For the reasons set forth below, Plaintiff's objections are overruled.

## I. BACKGROUND

Plaintiff's malicious prosecution claim stems from Defendant Koopman's investigation into Plaintiff's alleged interference with an ongoing police investigation. (ECF No. 2.) Plaintiff claims that Defendant Hecker, as Chief of Police for the City of Loveland, Colorado, is also liable for malicious prosecution, and for his failure to train and supervise his employees, including Defendant Koopman. (*Id*. at 11-13.) Defendants are sued in their official and individual capacities. (*Id*. at 1.)

The proposed Amended Complaint, submitted as an exhibit to Plaintiff's Motion, seeks to add the City of Loveland, Colorado ("Loveland"), as a Defendant to this action. (ECF No. 31-1 at 1.) The Amended Complaint further modifies Plaintiff's first claim to incorporate a Fourth Amendment violation for malicious prosecution against Defendants and Loveland, and her second claim to incorporate a Fourth Amendment violation for failure to train and supervise against Defendant Hecker and Loveland. (*Id*. at 10-14.) The remaining claims contained in the Amended Complaint also include Loveland as a Defendant. (*Id*.)

However, in her Reply brief, Plaintiff states: "It should be of note that Plaintiff's previous Motion for Leave to Amend should now include her intent to add an additional claim for a violation of her Fourth Amendment right to be free from unreasonable searches." (ECF No. 36 at 1.) Two weeks after she submitted her Reply brief, Plaintiff filed a "Supplement/Amendment" to her Motion, which included a new proposed Amended Complaint. (ECF No. 37.) This version of the Complaint contains a claim for violation of the Fourth Amendment based on an unreasonable search and seizure. (*Id*.)

Judge Wang held a hearing on the Motion on July 2, 2015. (ECF No. 38.) At the hearing, Judge Wang struck the "Supplement/Amendment" because Plaintiff failed to seek leave to file a sur-reply, and took the Motion, including the first proposed Amended Complaint, under advisement. (ECF No. 38.) Plaintiff's objections to Judge Wang's ruling that struck the "Supplement/Amendment" as an improper sur-reply are overruled. *See Stransky v. HealthONE of Denver, Inc.*, 2012 WL 6548108, at *3 (D. Colo. Dec. 14, 2012). The remainder of this Order will therefore only address Plaintiff's Motion and Amended Complaint. (ECF Nos. 31, 31-1.)

## II.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. Here, Plaintiff filed a timely objection to Magistrate Judge Wang's Recommendation. *See* Fed. R. Civ. P. 72(b)(2). Therefore, this Court reviews the issues before it *de novo*.[1]

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Zinn-Hoshijo v. Comm. for Catholic Secondary Educ. in Colorado Springs*, 2012 WL 1582784, at *1 (D. Colo. May 7, 2012). Magistrate Judge Wang assumed the Motion to Amend was dispositive and therefore issued a Recommendation rather than resolving the Motion by Order.

## III.  ANALYSIS

Judge Wang held that each of Plaintiff's proposed amendments would be futile, and therefore recommended that the Motion be denied in its entirety. (ECF No. 40.) The Court discusses each aspect of the Recommendation below.

### A.  Plaintiff's Fourth Amendment Claims

Judge Wang held that Plaintiff could not succeed on her proposed Fourth Amendment claim for malicious prosecution under § 1983 because she was never seized, *i.e.*, arrested or incarcerated. (*Id*. at 4-5.) Plaintiff objects and argues that her Fourth Amendment rights were violated by an unreasonable search, not an unreasonable seizure. (ECF No. 41 at 2-3.) Plaintiff argues that Defendant Koopman secured a warrant to search her cellular phone records based on a false or misleading affidavit. (*Id*. at 3.)

The Tenth Circuit has "repeatedly recognized" that "the relevant constitutional underpinning for a claim of malicious prosecution under § 1983 must be 'the Fourth Amendment's right to be free from unreasonable seizures.'" *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) (citation omitted). Thus, a claim for malicious prosecution must be "based on a seizure by the state—arrest or imprisonment." *Id*. On the other hand, *Becker* does appear to suggest that a malicious prosecution claim can be founded on an unreasonable search or seizure of property as well. *See id*. at 916-17.

Even so, the law is clear that Defendants must have actually "caused [Plaintiff's] continued *confinement or prosecution*." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007) (emphasis added). Plaintiff concedes that she was never seized

within the meaning of the Fourth Amendment.  (ECF No. 41 at 2.)   Plaintiff further concedes that at no point was she actually prosecuted, as no criminal charges were ever filed against her.  (ECF No. 36 at 4.)  Plaintiff therefore cannot establish a *prima facie* Fourth Amendment malicious prosecution claim.[2]  *See* Restatement (Second) of Torts § 661.

As a result, Plaintiff cannot prevail on her claim for failure to train and supervise without first establishing an underlying constitutional violation.  "It is important to distinguish between the standard for determining when a governmental entity will be liable under section 1983 for constitutional wrongs committed by its employees and the degree of fault, if any, which a plaintiff must show to make out an underlying claim of a constitutional violation."  *Ware v. Unified Sch. Dist. No. 492*, 902 F.2d 815, 819 (10th Cir. 1990) (citation omitted); *see also Perry*, 2008 WL 961559, at *3 ("[I]n the absence of an underlying constitutional violation, plaintiff cannot make out a claim against the city or Bennett for failure to adequately train Aurora police officers . . . .").

### B.     Adding Loveland as a Defendant

Plaintiff further objects to Judge Wang's holding that Loveland is duplicative of Defendant Hecker in his official capacity, and therefore need not be added as a

---

[2]  It seems, however, that this claim could be pled as a violation of the Fourth Amendment, rather than a malicious prosecution claim.  Plaintiff appears to have acknowledged this deficiency in her Reply brief on the Motion to Amend, stating: "Plaintiff contends that Defendant Koopman prepared an affidavit for a search warrant of Plaintiff's cell phone records which affidavit contained false and misleading information.  While these facts were alluded to in Plaintiff's proposed amended complaint, they were specifically couched as Fourth Amendment malicious prosecution claims."  (ECF No. 36 at 1.)  Unfortunately, Plaintiff attempted to cure this defect by filing a "Supplement/Amendment" that added a claim for "Fourth and Fourteenth Amendment Violation—Unreasonable Search and Seizure," after her Reply brief was filed.  (ECF No. 37-1.)  As described above, the "Supplement/Amendment" has been stricken from the record, and is therefore not before the Court at this time.  (ECF No. 38.)

Defendant. (ECF No. 41 at 5.) The Supreme Court has held:

> As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in original); *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). The Court thus overrules Plaintiff's objections in this regard.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's Objections (ECF No. 41) to U.S. Magistrate Judge Wang's Recommendation (ECF No. 40) are OVERRULED;

2. Magistrate Judge Wang's Recommendation (ECF No. 40) is AFFIRMED and ADOPTED in its entirety; and

3. Plaintiff's Motion For Leave to File First Amended Complaint (ECF No. 31) is DENIED.

Dated this 28th day of October, 2015.

BY THE COURT:

William J. Martinez
United States District Judge